**OMNIFLIGHT HELICOPTERS, INC., Appellant,**

v.

**Lyle KENNEDY, Kentucky Machinery, Inc., Ford Motor Credit Company, C & K Construction Company, Inc., Lyle Coal Company, Inc., Dock Coal Company, Inc. and Vernon Collett, Appellees.**

**Lyle KENNEDY, Appellant,**

v.

**FORD MOTOR CREDIT COMPANY, Kentucky Machinery, Inc., Omniflight Helicopters, Inc., Vernon Collett, Lyle Coal Company, Inc., Dock Coal Company, Inc. and C & K Construction Company, Inc., Appellees.**

Court of Appeals of Kentucky.

May 26, 1978.

---

Gerald L. Greene, Pineville, for Omniflight Helicopters, Inc. in CA–1599–MR.

Joe Nagle, Middlesboro, Frank G. Dickey, Jr., Lexington, Kenneth M. Boggs, Barbourville, William A. Watson, Middlesboro, for Lyle Kennedy et al. in CA–1599–MR.

William A. Watson, Middlesboro, for Lyle Kennedy in CA–1611–MR.

Joe Nagle, Middlesboro, Frank G. Dickey, Jr., Lexington, Vernon Collett, Kenneth M. Boggs, Barbourville, for Ford Motor Credit Co. et al. in CA–1611–MR.

Before COOPER, HOWARD and WILHOIT, JJ.

WILHOIT, Judge.

These two appeals are taken from a judgment of the Bell Circuit Court adjudging an equitable lien of Lyle Kennedy to be superior to the claim of Omniflight Helicopters, Inc., but inferior to the claim of Kentucky Machinery, Inc., and reducing the amount of a judgment in favor of Kennedy.

On March 4, 1976, the Ford Motor Credit Company filed action number 9058–38 against the C & K Construction Company, Inc., Lyle Coal Company, Inc., and Dock Coal Company, Inc., seeking recovery on debts due it from those 3 corporations. As a result of that suit, a coal auger owned by C & K Construction Company was repos-

sessed and sold by Ford. The sale of the auger brought almost $97,000.00 in excess of the amount owed by C & K to Ford. On June 4, 1976, Lyle Kennedy was permitted to intervene in this action asking the court to adjudge that he was entitled to an equitable lien on the auger to secure a debt of $250,000.00 owed to him by Vernon Collett. Collett was the president and sole stockholder of C & K, and the intervening complaint made him a party defendant.

On March 9, 1976, a suit for $74,550.00 on an account had been brought against C & K by Omniflight Helicopters, Inc., and on March 29, 1976, Kentucky Machinery had brought a suit for $17,380.85 against C & K on an account. On July 15, 1976, Kentucky Machinery moved to consolidate its suit against C & K with action number 9058–38, the suit initiated by Ford, or in the alternative that it be permitted to intervene in that action. This motion was granted and in the same order the court granted a default judgment for $300,000.00 in favor of Lyle Kennedy against Vernon Collett, and adjudged Kennedy to have an equitable lien on the auger. The court determined that Kennedy was entitled to all of the excess proceeds after payment to Ford except for the $17,380.85 claimed by Kentucky Machinery. The court passed to a later date a ruling on the rights of the two as to this sum. Ford was ordered to pay $17,425.00 from the excess proceeds it then held to the clerk of the court until a determination of the priority of the claims of Kennedy and Kentucky Machinery could be made. The balance of the excess funds, amounting to $79,425.23, was ordered to be paid to Kennedy. Vernon Collett appealed from this order to the Kentucky Supreme Court; however, his appeal was dismissed on motion of Kennedy for late filing of the notice of appeal. On August 19, 1976, an order of satisfaction was entered showing that Ford had paid the excess proceeds in accordance with the court's order. On August 20, 1976, Kentucky Machinery obtained a summary judgment against C & K on its claim. That same day, Omniflight also obtained a summary judgment against C & K for $74,-550.00 on its claim.

On September 14, 1976, Omniflight moved that it too be permitted to intervene in action number 9058–38, asserting that it had a lien on the excess proceeds from the auger sale as the result of its judgment against C & K and that its claim was superior to either that of Kennedy or Kentucky Machinery. The motion to intervene was granted. Omniflight then filed two motions to vacate the July 16 order which had established Kennedy's equitable lien. It alleged mistake and fraud which had come to light as the result of newly discovered evidence. Omniflight's motions to vacate judgment were denied and the court ruled that Kentucky Machinery was entitled to the proceeds held by the clerk, basing this conclusion on the fact that Kentucky Machinery was a creditor of C & K while Kennedy was only a creditor of Vernon Collett. The court also reduced Kennedy's judgment against Collett from $300,000.00 to $250,000.00.

Kennedy appeals from this judgment (appeal CA–1611–MR) contending that his equitable lien should have been held to be superior to the claim of Kentucky Machinery, and that the court had no authority to reduce his judgment against Vernon Collett.

Omniflight appeals from this judgment (appeal CA–1599–MR) contending that the court erred in giving Kennedy an equitable lien on a corporate asset to secure the personal debt of Vernon Collett, and that its claim as a creditor of the corporation is superior to that of Kennedy.

The evidence disclosed that C & K and two other corporations, Lyle Coal Company and Dock Coal Company, were formerly operated by Lyle Kennedy, Vernon Collett, and Collett's two brothers as a partnership. After these businesses were incorporated, Vernon Collett bought all of the stock in the corporations owned by his two brothers and Kennedy, making him the sole stockholder in C & K and the other corporations. Collett agreed to pay Kennedy $300,000.00 for his stock and entered into a written contract with Kennedy on November 22,

1974, providing that $50,000.00 was to be paid to Kennedy on that date and the balance was to be paid at the rate of $0.50 per ton for coal mined by the corporations. To secure payment of the balance, Collett was to "provide a mortgage on sufficient equipment and machinery" of the corporations and to maintain a lien until the balance was paid. No security agreement covering any of the equipment or machinery pursuant to this agreement was ever put to record.

When we consider all of the facts of this case, including the fact that Collett was the sole stockholder and principal officer of C & K, we do not believe that the court erred in adjudging the equitable lien on the auger. *McFerran v. Louisville Title Company's Receiver*, 254 Ky. 362, 71 S.W.2d 655 (1934). We do not agree with Kennedy, however, that this lien gave him any rights superior to those of the general creditors of C & K except perhaps as to those creditors who extended credit with actual knowledge of the lien or the facts giving rise to it. *See* KRS 355.9–102 et seq. Neither Kentucky Machinery nor Omniflight falls into that category.

As far as these two creditors are concerned, we are of the opinion that the judgment in favor of Kennedy did no more than render him a judgment creditor of C & K with the priority of his claim undetermined. At that stage there was nothing in the record to support the priority of Kennedy's claim over the other creditors of C & K. Consequently, the court did not err in refusing to give him priority over Kentucky Machinery after its timely intervention in action number 9058–38. But neither did the court err in finding that Omniflight was not entitled to priority over Kennedy as to the $79,425.23. At the time this amount was paid to Kennedy in partial satisfaction of his judgment debt, Omniflight was not a party to action number 9058–38 nor had it attached or acquired any lien on the assets of C & K. Contrary to the argument of Omniflight, even after its claim was reduced to judgment it still had no lien upon the property of C & K. *Low v. Skaggs*, 31 Ky.L.Rptr. 1292, 105 S.W. 439 (1907). Further, this jurisdiction appears to have adopted the view that until such time as possession of all of the assets of a corporation has been taken by a court of equity, as in a receivership proceeding, the property of the corporation is to be treated in the same way as that of an individual so far as the rights and priorities of creditors are concerned. *Louisville Banking Co. v. Etheridge Manufacturing Co.*, 19 Ky.L.Rptr. 908, 43 S.W. 169 (1897). As between itself and its creditors, "the corporation is simply a debtor, and does not hold its property in trust, or subject to a lien in their favor in any other sense than does an individual debtor." *Id.* 43 S.W. at 171, quoting *Hawkins v. Glenn*, 131 U.S. 319, 332, 9 S.Ct. 739, 33 L.Ed. 184 (1889).

Omniflight had not asked that C & K be placed in receivership, it had not attached anything, and as far as we can see it had not otherwise acquired any lien on the property of C & K up to the time the money was paid to Kennedy. It also failed to make any showing that the judgment in favor of Kennedy was suffered with the design to prefer one creditor over another so as to bring the matter within the purview of KRS 378.060.

As to the court's reduction of the amount of the judgment against Collett from $300,000.00 to $250,000.00, we find no error. The smaller amount was what Kennedy had claimed in his complaint was due him. The larger amount was what he had claimed in his motion for a default judgment. The trial court did not err in correcting the judgment to reflect the amount claimed in the complaint. CR 54.03, CR 60.01. *See United States Fidelity & Guaranty Co. v. Boyd*, 29 Ky.L.Rptr. 598, 94 S.W. 35 (1906).

The judgment of the trial court is affirmed.

All concur.